O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLENE WINE, | Case No. EDCV 04-47 AN |
| Plaintiff, | MEMORANDUM AND ORDER |
| v. | |
| JO ANNE B. BARNHART, COMMISSIONER OF THE SOCIAL SECURITY ADMINISTRATION, | |
| Defendant. | |

## I. INTRODUCTION

Pursuant to 42 U.S.C. § 405(g), Plaintiff seeks judicial review of the final decision of the Commissioner of the Social Security Administration (the "Commissioner") denying her claim for supplemental security income ("SSI") pursuant to Title XVI of the Social Security Act ("Act"). Both parties have consented to proceed before the undersigned Magistrate Judge. In accordance with the Court's Case Management Order, the parties have filed a joint stipulation and request for an order summarily deciding issues concerning remand and/or immediate payment of benefits ("JS"). For the reasons stated below, Plaintiff's request for an order directing the immediate payment of benefits or remanding the case for further proceedings is denied, and the Commissioner's request for an order affirming her final decision is granted.

/ / /

## II. BACKGROUND

Plaintiff was born on September 4, 1959, and she was a 43 year old individual with a GED and three years of college when she appeared for the hearing before the Administrative Law Judge ("ALJ") on August 22, 2003, with her counsel of record in these proceedings. The ALJ found Plaintiff has past relevant work as an Assembler, which the Dictionary Occupational Titles ("DOT") states is generally performed as unskilled, light exertional level work. Plaintiff is alleging an onset date of September 24, 2000, and the ALJ found she has severe, but non-disabling, impairments consisting of fibromyalgia, schizoaffective disorder, depression, and poly-substance abuse with questionable remission. [Administrative Record ("AR") at 15, 20.] The other relevant background facts are familiar to both parties and Plaintiff has stipulated that the ALJ's decision fairly and accurately summarizes the hearing testimony and medical evidence in the record except as noted in her contentions. Accordingly, only the facts and evidence that are helpful to understanding and explaining the Court's decision will be discussed below.

## III. DISCUSSION

A. <u>Standard of Review</u>

This Court must review the record as a whole and consider adverse as well as supporting evidence. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). The Commissioner's final decision affirming an ALJ's decision that a claimant is not disabled must be upheld if the ALJ's findings are supported by substantial evidence in the record and the proper legal standards were applied. *See Curry v. Sullivan*, 925 F.2d 1127, 1129 (9th Cir. 1990). The harmless-error rule applies. *Id.* at 1131. "Substantial evidence means more than a mere scintilla, but less than a preponderance." *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989); *Desrosiers v. Secretary of Health and Human Services*, 846 F.2d 573, 576 (9th Cir. 1988). It is further defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.*; *see also*, *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 28 L.Ed. 2d 842 (1971).

The ALJ is responsible for determining credibility, resolving conflicting testimony, resolving ambiguities, and "is entitled to draw inferences 'logically flowing from the evidence.'" *Andrews*, 53 F.3d at 1039; *Macri v. Chater*, 93 F.3d 540, 543-544 (9th Cir. 1996). Consequently, inferences and conclusions as the ALJ may reasonably draw from the evidence are upheld. *See Mark v. Celebrezze*, 348 F.2d 289, 293 (9th Cir. 1965). Likewise, an ALJ's findings are upheld where the evidence is susceptible of more than one rational interpretation. *Andrews*, 53 F.3d at 1039-1040.

To collect DIB or SSI benefits, Plaintiff must suffer from a "disability." 42 U.S.C. §§ 423(a)(1)(D); 1382(a). To be disabled within the meaning of the Act, a claimant must suffer from a "medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." *Id.*, §§423(d)(1)(A); 1382c(a)(3)(A). The impairment must be of "such severity that [the claimant] is not only unable to do [his or her] previous work but cannot, considering [his or her] age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . . ." *Id.*, §§ 423(d)(2)(A); 1382c(a)(3)(B). The claimant has the burden of showing that she or he is disabled. *Id.*, §§ 423(d)(5); 1382c(a)(3)(H)(i) ; *Clem v. Sullivan*, 894 F.2d 328, 330 (9th Cir. 1990).

B.   The Five-Step Sequential Analysis

The Social Security Regulations use a five-step sequential analysis for making DIB and SSI disability determinations. 20 C.F.R. §§ 404.1520, 416.920. The first step asks whether the claimant is working. The second step asks whether the claimant has a "severe" impairment, which is defined as an impairment which "significantly" -- more than minimally -- limits an individual's ability to perform basic work activities. *Id.*, §§ 404.1521, 416.921; *Bowen v. Yuckert*, 482 U.S. 137, 154, 107 S.Ct. 2287, 96 L.Ed.2d 119 (1987). However, this step two determination is "'a *de minimis* screening device to dispose of groundless claims.'" *Edlund v. Massanari*, 253 F.3d 1152, 1158 (9th Cir. 2001) (internal citations omitted). The third step asks whether the claimant has an

Page 3

impairment that meets or equals the criteria of any impairment identified in the appendix to the Social Security Regulations commonly referred to as the "Listings." *Id.*

The fourth and fifth steps require that the ALJ assess the claimant's residual functional capacity ("RFC"). RFC is a determination of a claimant's remaining abilities to perform work. *Id.*, §§ 404.1545, 416.945(a). In determining a claimant's physical limitations, the ALJ considers the claimant's ability to lift weight, sit-stand, push-pull, etc. *Id.*, §§ 404.1545(b), 416.945(b). Mental, environmental and other limitations such as the ability to see and hear are also part of the RFC determination. *Id.*, §§ 404.1545(c) and (d), 416.945(c) and (d). A claimant's limitations are categorized as either exertional or non-exertional; exertional limitations are those based upon strength considerations alone. *Cooper v. Sullivan*, 880 F.2d 1152, 1156 (9th Cir. 1989). Non-exertional limitations are unrelated to strength and include "mental, sensory, postural, manipulative, and environmental limitations." *Id.* The exertional requirements of work are classified as sedentary, light, medium, heavy and very heavy. *Id.*, §§ 404.1567, 416.967.

Once the RFC is determined, the fourth step asks whether the claimant can perform his or her past relevant work; at this step the claimant also has the burden of proving he or she is unable to perform past relevant work.

At the fifth step in the analysis, the burden shifts to the Commissioner to prove that the claimant, based on his or her age, education, work experience, and residual functional capacity, can perform other substantial and gainful work existing in the regional or national economy. *Id.*, §§ 404.1520, 416.920. The Commissioner can satisfy this fifth step burden by either: (1) applying the Medical-Vocational Guidelines (the "Grids") found at 20 C.F.R. Pt. 404, Subpt. P, App. 2, §§ 200.00-204.00, or (2) taking the testimony of a Vocational Expert ("VE"). *Burkhart v. Bowen*, 856 F.2d 1335, 1340 (9th Cir. 1988). However, the Commissioner cannot rely upon the Grids and must use a VE where the claimant's non-exertional limitations are 'sufficiently severe' so as to significantly limit the claimant's ability to perform the full range of sedentary, light, or medium work. *Id.*

If the answer to any of the questions in the five-step analysis establishes the claimant is or is not disabled, the evaluation ends. *Id.*, §§ 404.1520(a), 416.920(a); *see also Bowen v. Yuckert*, 482 U.S. at 140.

C.   Analysis of Disputed Issues

Plaintiff asserts the ALJ erred by: (1) denying her request to reopen her prior applications; (2) failing to give proper consideration to the opinions of her treating physicians; (3) failing to make a proper assessment of her RFC; and (4) failing to use a VE. The Commissioner disagrees.

1.   Request to Reopen

Plaintiff contends the ALJ's refusal to reopen her prior two SSI applications on *res judicata* grounds violated her due process rights because she was not represented by counsel at the prior hearings and suffers from mental impairments. [JS at 4:1-12.] The Commissioner contends Plaintiff did not present a colorable constitutional claim because her prior applications only show that she claimed to be suffering from chronic pain, not disabling mental impairments, and that she has also failed to show that she was prejudiced due to the lack of counsel.

A district court has jurisdiction to review the Commissioner's decision not to reopen a final benefits decision if the claimant presents a "colorable constitutional claim of [a] due process violation that implicates a due process right either to a meaningful opportunity to be heard or to seek reconsideration of an adverse benefits determination." *Evans v. Chater*, 110 F.3d 1480, 1482-83 (9th Cir. 1997) (internal quotations and citations omitted). A claim is "colorable" if it is not "wholly insubstantial, immaterial, or frivolous." *Id.* (quoting *Boettcher v. Sec'y of Health & Human Servs.*, 759 F.2d 719, 722 (9th Cir. 1985)). The *Evans* panel found the claimant had met his burden of raising a colorable constitutional claim by alleging that he suffered from a mental impairment at the time he made his prior applications and was not represented by counsel throughout the prior proceedings. *Id.* at 1483. Accordingly, the *Evans* panel held the district court erred in finding that it did not have jurisdiction to consider the due process challenge.

However, the *Evans* panel ultimately found the ALJ did not commit a due process violation by denying the claimant's request to reopen because the claimant failed to show that he was so mentally impaired at the time of his first two application denials that not reopening would constitute a denial of due process. *Id.* at 1484.

Plaintiff has arguably presented a colorable constitutional claim of a due process violation by appearing to *allege* that she suffered from mental impairments and *pro se* status at the time her prior SSI applications were denied. But the Court ultimately finds her allegations lack merit because there is no evidence showing she was denied a meaningful opportunity to be heard due to a lack of representation and mental impairments. Accordingly, the Court finds the ALJ did not violate Plaintiff's due process rights by denying her request to reopen her prior applications.

2. <u>Opinions of Treating Physicians</u>

Plaintiff contends the ALJ erred by failing to give proper consideration to the opinions of her treating physicians, principally that of Dr. Potyondy, a treating physician who opined that she was "permanently, totally disabled" from fibromyalgia in a one-page form dated September 9, 2002 [AR at 67], and Dr. Van Petten, who Plaintiff contends "also opined that she was unable to work." [AR at 315; JS at 6:12-18.]

The Court finds there are several problems with Plaintiff's second contention, beginning with the fact that the record shows the purported opinion that Plaintiff attributes to Dr. Van Petten was made by Dr. Potyondy. [AR at 315.]

Second, the record establishes that Dr. Potyondy's aforementioned opinion is brief, conclusory and is not adequately supported by substantial clinical findings. An ALJ is not required to accept such an opinion. *Magallanes*, 881 F.2d at 751; *Thomas v. Barnhart*, 278 F.3d 949, 957 (9th Cir. 2002). Indeed, an ALJ is not bound by a physician's opinion on the ultimate issue of disability. *Magallanes*, 881 F.2d at 751-52.

Third, Dr. Potyondy's opinion is not even supported by clinical findings that show she found Plaintiff manifested at least 11 of the known trigger points for fibromyalgia. *Rollins v. Massanari*, 261 F.3d 853, 855 (9th Cir. 2001).

Fourth, the medical records establish that Dr. Potyondy's opinion is principally based upon Plaintiff's subjective complaints of pain. This is not surprising since fibromyalgia is a disease that "is diagnosed entirely on the basis of patients' reports of pain and other symptoms." *Benecke v. Barnhart*, 379 F.3d 587, 590 (9th Cir. 2004). However, "[a] physician's opinion of disability 'premised to a large extent upon the claimant's own accounts of [her] symptoms and limitations' may be disregarded where those complaints have been 'properly discounted.'" *Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 602 (9th Cir. 1999) (*quoting Fair v. Bowen*, 885 F.2d 597, 605 (9th Cir. 1989)). In this case, the ALJ found Plaintiff's subjective complaints about the severity of her pain were not credible because her complaints were inconsistent with the medical evidence, inconsistent with the level of her daily activities, her failure to comply with recommended treatment, and her conflicting statements about her use of marijuana. [AR at 19-20.]   Accordingly, the ALJ gave clear and convincing reasons supported by substantial evidence in the record for discrediting Plaintiff's subjective complaints. *Bunnell v. Sullivan*, 947 F.2d 341, 346-47 (9th Cir. 1988).  As such, he did not err in refusing to accept Dr. Potyondy's opinion on the ultimate issue of disability, which itself was largely premised on Plaintiff's properly discredited subjective complaints. *See Andrews*, 53 F.3d at 1039-43.

### 3. RFC Assessment

Plaintiff appears to contend the ALJ erred in his RFC assessment by failing to give proper reasons for discrediting her subjective complaints about the severity of her fibromyalgia and the third-party questionnaires of her live-in boyfriend. [JS at 15:3-16:9.] This contention lacks merit. The ALJ who is responsible for assessing RFC at the hearing level. 20 C.F.R. § 404.1546(c). As already discussed, the ALJ gave clear and convincing reasons supported by substantial evidence in the record for discounting the severity of her subjective complaints. Further, the ALJ was not required to give a germane reason for rejecting the unsworn, written statements from Plaintiff's boyfriend because an ALJ is only required to give such a reason in connection with rejecting

Page 7

*testimony* given by a lay witness about a claimant's symptoms. *Dodrill v. Shalala*, 12 F.3d 915, 919 (9th Cir. 1993).

### 4. VE Testimony

Plaintiff's contention that the ALJ erred by failing to use a VE lacks merit for the reasons contended by the Commissioner and because the ALJ did not find that Plaintiff suffered from any severe non-exertional limitations.

## IV. CONCLUSION

For the reasons discussed above, the Court finds the ALJ's determination of non-disability is free of legal error and supported by substantial evidence. Accordingly, Plaintiff's request for an order directing the payment of benefits or remanding this case for further proceedings is DENIED, and the Commissioner's request for an order affirming the Commissioner's final decision and dismissing the action is GRANTED. The clerk shall enter judgment, close the file and terminate all pending motions.

IT IS SO ORDERED.

DATED: September 30, 2005     /s/ Arthur Nakazato
                              ARTHUR NAKAZATO
                              UNITED STATES MAGISTRATE JUDGE